AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.
SCOTT ALAN COLSON

Defendant(s)

Case No. 5:24-mj-1186-PRL

SEALED

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about July 25, 2024 in the county of Marion in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2422(b) | Attempted Enticement of a Minor |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Special Agent Jon Bergevin, HSI

*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: July 29, 2024

*Judge's signature*

City and state: Ocala, Florida

Philip R. Lammens, U.S. Magistrate Judge

*Printed name and title*

**STATE OF FLORIDA** **Case No. 5:24-mj-1186-PRL**

**COUNTY OF MARION**

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Jon Bergevin, after being duly sworn, depose and state:

1. I am a Special Agent with the United States Department of Homeland Security ("DHS"), Homeland Security Investigations ("HIS"). I am currently assigned to the HSI office in Gainesville, FL, working in Marion County, in the Middle District of Florida. I have been assigned as a Special Agent since December 2017. Prior to HSI, I was employed as a Special Agent with the New Mexico Attorney General's Office. During this time, I have conducted and assisted with multiple investigations related to the possession, receipt and distribution of child pornography and other offenses involving the exploitation of children. I have attended training at the Federal Law Enforcement Training Center ("FLETC"). I have also received specific training in the investigation of internet crimes against children. As a special agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

2. This affidavit is submitted in support of a criminal complaint affidavit charging Scott COLSON with a violation of 18 U.S.C. § 2422(b). As set forth in more detail below, there is probable cause that between on or

about July 24, 2024 and July 25, 2024, in Marion County, Florida, COLSON attempted to persuade, induce, and entice an individual who had not attained the age of 18 years to engage in sexual activity by using a means and facility of interstate commerce (electronic mobile communication device/cellular telephone), in violation of 18 U.S.C.§ 2422(b).

3. I make this affidavit from personal knowledge based on my participation in this investigation, information from other criminal investigators, information from law enforcement officers, information from agency reports, and the review of documents provided to me by these witnesses and law enforcement officers. Because this affidavit is being submitted for the limited purpose of a criminal complaint, I have not set forth every fact learned during the course of this investigation.

## RELEVANT STATUTE

4. Title 18, United States Code, Section 2422(b) prohibits a person from using a means and facility of interstate or foreign commerce to knowingly attempt to persuade, induce, or entice an individual who has not attained the age of 18 years to engage in prostitution or any sexual activity for which any person could be charged with a criminal offense. It is a crime under Florida Law to commit Lewd or Lascivious Battery, Fla. Sta. § 800.04(4).

## DETAILS OF THE INVESTIGATION

5. Between July 22, 2024, and July 26, 2024, HSI and the Marion County Sheriff's Office ("MCSO") conducted an undercover operation for the purpose of identifying and apprehending individuals using the internet to meet and exploit juveniles for sexual activity.

6. On July 24, 2024, using the internet, an MCSO undercover detective posing as a 15-year-old girl operated an account on an Internet messaging application. An account with the display name "Scott" contacted the undercover detective's account. "Scott" was later identified as COLSON.

7. COLSON and the undercover detective began a conversation over the Internet application. The undercover detective told COLSON that she was a 15-year-old female in Ocala, Florida. COLSON asked for a picture. The undercover detective sent COLSON an image of a young-looking female. COLSON replied that the UC was pretty, and he asked if she had been with older men. The undercover detected replied, "Yes." COLSON asked to meet the following day. He messaged her saying, "You keep secrets if we meet up."

8. COLSON asked the undercover detective what she wanted to do and what she has done, kiss or make love. The undercover detective responded that she was still a virgin, but she had done oral sex. COLSON told the undercover detective that he liked oral sex. COLSON asked the

undercover detective, "Whats the oldest guy u been with," to which she responded, "55." COLSON messaged, "We can meet tomorrow nite." The undercover detective asked him what he wanted to do. He said they can "makeout." The undercover said she needed to know what to wear, and COLSON said, "U decide make it easy to get down ur pantys."

9. Communication between COLSON and the UC continued on July 25, 2024, during which the COLSON and the UC discussed and made arrangements to meet. COLSON asked to video chat before meeting. The undercover detective video chatted with COLSON for a short time in the Internet application.

10. COLSON and the undercover detective agreed to meet at a gas station in Marion County, in the Middle District of Florida. COLSON told her what kind of truck he was driving. When COLSON arrived at the pre-determined location, MCSO deputies were able to identify him. He was taken into custody without incident.

11. COLSON was transported to the Marion County Sheriff's Office. He freely and voluntarily waived his constitutional rights. COLSON admitted that he had communicated and engaged in a sexual conversation with the undercover detective whom he believed was a minor. COLSON also admitted that he had traveled to meet the undercover detective.

12. The investigation further revealed that COLSON had engaged in sexually explicit communication with other law enforcement officers who were operating undercover accounts and posing as minors on the same Internet application.

13. COLSON gave law enforcement consent to search his cell phone. There was at least one video on his cell phone that contained material involving the sexual exploitation of minors. The video depicted a young, naked female with her breasts and vagina visible. The young female was laying on her back masturbating with her fingers.

**CONCLUSION**

14. Based on the evidence described above, there is probable cause that COLSON, using a facility and means of interstate commerce, that is the internet and cell phone, did knowingly attempt to persuade, induce, and entice an individual who had not attained the age of 18 years to engage in sexual activity for which any person could be charged with a criminal offense under Florida law, namely, Lewd or Lascivious Battery, a violation of Florida Statute Section 800.04, all in violation of 18 U.S.C. § 2422(b).

This concludes my affidavit.

Jon Bergevin
Special Agent
Homeland Security Investigations

*Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 4(d) before me this* 29th *day of July, 2024.*

The Honorable Philip R. Lammens
United States Magistrate Judge